Filed 11/26/25  P. v. Perez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B338910 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA087610) |
| v. | |
| JULIO PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Julio Perez (defendant) of two counts of first degree murder for his role in the fatal shooting of two gas station convenience store employees in 2006. The trial court denied defendant's Penal Code section 1172.6 petition for resentencing following an evidentiary hearing held in February 2022, and this Court affirmed in *People v. Perez* (Sept. 15, 2023, B319874) [nonpub. opn.].[1] Defendant then filed another petition urging the trial court to again determine his eligibility for relief—this time expressly considering his relative youth: age 22 at the time of the murders. We consider whether the trial court erred in summarily denying defendant's second petition without appointing counsel.

## I. BACKGROUND

### A. *The Offense Conduct*[2]

In July 2006, defendant was the driver in an attempted robbery at an AM/PM gas station convenience store. Co-defendant Adam Loza (Loza) was also present, as were their younger brothers. While defendant was waiting outside in a vehicle, Loza's younger brother brought a 12-pack of beer to the

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] We granted defendant's request that we take judicial notice of the record in defendant's previous appeal from the denial of his petition for resentencing. (*People v. Perez* (Sept. 15, 2023, B319874) [nonpub. opn.].) Our description of the offense conduct draws on the opinion in that case, which in turn draws on the opinion in defendant's appeal from the judgment of conviction. (*People v. Julio Perez and Eric Sanford* (May 7, 2010, B211015) [nonpub. opn.].)

mini mart's register.  When the clerk would not sell him the beer because he looked too young, a fight broke out between the clerk and the two brothers until other gas station employees were able to break up the fight.

Several months later, in November 2006, defendant, Loza, and co-defendant Eric Sanford (Sanford) attempted to rob a Mobil gas station mini market.  Two gas station clerks, Eduardo Roco and Esther Arteaga, were killed in the process.

On the evening of the attempted robbery and murders, defendant, Loza, and others were driving around in an SUV and drinking beer when defendant stopped to pick up Sanford.  Sanford got into the front passenger seat of the vehicle while holding a gun, said he had just shot someone in the head, and urged defendant to drive away before the police arrived.  Defendant laughed off the comment, and Sanford then stowed the gun in a compartment in the back of the SUV.  After running out of beer, defendant, Sanford, and Loza discussed doing a "beer run," a term used for when someone goes into a liquor store, grabs an 18 pack of beer, and runs out without paying.  Around 4:00 a.m., the group pulled into a 24-hour Mobil gas station that had a mini market on the premises.  Defendant, Loza, and Sanford got out of the vehicle and, as seen on later obtained surveillance video footage, congregated at the back of the SUV.  Defendant opened the back of the vehicle, handed a gun to Sanford, and gave Loza an article of clothing to use to cover his face.  Sanford and Loza then walked to the mini mart while defendant got back in the driver's seat of the vehicle and kept the engine running.

When Sanford and Loza returned to the vehicle about three minutes later, Loza was crying and said, "He just shot him, he

3

just shot him." Sanford told defendant he killed the two market clerks because they refused to give him money and he wanted to prevent them from being witnesses against him. Defendant then drove away with everyone in the vehicle and told Sanford to stash the gun used in the killings in the vehicle's back compartment.

### B. Trial and Sentencing

Defendant was convicted of two counts of murder and three counts of attempted robbery (one based on the July 2006 incident and two based on the November 2006 incident).[3] The trial court sentenced defendant to two consecutive terms of 25 years to life in prison for the murders, imposed and stayed sentences for the related attempted robbery convictions, and imposed a concurrent determinate sentence for the other attempted robbery conviction. This Court affirmed the judgment, with modifications, on direct appeal.

### C. Defendant's Prior Petition for Resentencing

Defendant filed his first section 1172.6 petition for resentencing in 2019. The trial court summarily denied it. Defendant appealed, and in November 2020, this Court reversed with directions to appoint counsel for defendant and redetermine the matter. (*People v. Perez* (Nov. 24, 2020, B300470) [nonpub. opn.].)

On remand, the trial court issued an order to show cause, appointed counsel, and scheduled a hearing on the petition. In

---

[3] The jury found a multiple murder special circumstance not true and could not reach a verdict on a robbery-murder special circumstance.

4

his petition and in a pre-hearing memorandum, defendant argued, among other things, that the prosecution could not prove beyond a reasonable doubt that he was a major participant in the murders who acted with reckless indifference to human life because he was merely a getaway driver and did not know his confederates planned to kill anyone.

The trial court held an evidentiary hearing on defendant's petition in February 2022. No new evidence was presented and the trial court ruled only after reviewing the "voluminous transcript" of defendant's criminal trial.

The trial court found "the record show[ed] . . . [defendant] was not just a driver." The trial court contrasted the circumstances of the July 2006 beer run with the November 2006 attempted robbery, emphasizing the latter incident "changed from being just a beer run to something else when they get out and they go to the back of the car. And they go to the back of the car and there's a weapon taken out." Although the July 2006 incident showed defendant was aware of the "potential for violence" involved in a beer run, the trial court found the November 2006 incident was even more dangerous: "Why take a weapon out if you're going for a beer run to just see if you can get some beer and not pay for it? That's a beer run[:] run in, pretend to buy something, run out with the beer before you get caught. That's a beer run, not taking a weapon in, putting something over someone's face, helping somebody disguise themself. A beer run, they walk in like customers, like they are customers going into buy something, [psych]. We run out with the beer. That's not what happened here." The trial court also emphasized defendant's actions during and after the robbery, explaining defendant "drove his car around, positioned it to where the front

was facing in a place to get out" with "[t]he doors . . . open" and, notwithstanding Loza screaming about people being shot, he drove off with his confederates without stopping to help the victims.

Under these circumstances, the trial court concluded defendant was ineligible for resentencing under section 1172.6 because he could be convicted of murder under current law as a major participant in the attempted robbery who acted with reckless indifference to human life. The court determined defendant was a major participant because he and his confederates planned a robbery in which at least one participant would have a gun and one participant would have their face covered; defendant handed the gun to one of his confederates; he was aware of the danger presented by a beer run based on his experience a few months earlier; and he helped the shooter escape. As to reckless indifference, the trial court emphasized "it was very clear that something . . . terrible . . . had happened inside that Mobil[ ] station," and defendant did nothing. "He didn't kick Sanford out and say, what the heck? What are you doing? What happened? Nope. Get in, shut the doors, drove off."

Defendant noticed an appeal from the trial court's denial of his petition. His appellate briefs, filed in November 2022 and January 2023, contended the court erred by not articulating the governing beyond a reasonable doubt burden of proof.[4] In an opinion filed in September 2023, this Court rejected defendant's argument that the trial court did not apply the correct burden of proof and determined he forfeited any challenge to the sufficiency

---

[4]     Defendant did not argue the trial court erred by not considering his relatively young age at the time of the murders.

6

of the evidence for the trial court's major participation and reckless indifference findings. (*People v. Perez* (Sept. 15, 2023, B319874) [nonpub. opn.].)

> D.    *Defendant's Second Section 1172.6 Petition and the Trial Court's Ruling*

After we affirmed the trial court's denial of defendant's February 2022 section 1172.6 petition, defendant filed another one in March 2024. He maintained the petition was "based on new legal authorities that were not available to the trial [court]" in February 2022 and he argued the trial court should expressly undertake consideration of his relative youth in redetermining his eligibility for section 1172.6 relief.

The trial court subsequently issued an order summarily denying the petition without appointing counsel. The court's order states the court had "read and considered" defendant's (March 2024) petition. The order reviews the procedural history of the case, including the disposition of his prior petition in the trial court and on appeal, and determines defendant "is not entitled to an additional evidentiary hearing. [¶] For the reasons stated herein, the petitioner's request for relief is hereby denied."

## II.  DISCUSSION

Defendant acknowledges he previously filed a section 1172.6 petition that was denied by the trial court and affirmed on appeal. He argues, however, that it was error to summarily deny his second petition because it rested on what he views as a significant change in the law: later precedent, primarily tracing back to a footnote in a court of appeal case, that states a section 1172.6 court "must" consider an offender's relative youth when

7

deciding whether the offender is a major participant who acted with reckless indifference to human life. (*People v. Jones* (2022) 86 Cal.App.5th 1076, 1088, fn. 7.) The problem with defendant's argument is that the court *did* consider his youth in denying his most recent section 1172.6 petition: the court stated it read and considered the petition defendant filed, which argued his relative youth was a mitigating consideration, and the court concluded no additional evidentiary hearing was warranted and denied relief. Because the court considered defendant's relative youth and declined to grant relief, defendant's arguments reduce to a procedural complaint, namely, that the trial court's summary denial short-circuited section 1172.6's procedural steps: appointing counsel, receiving briefing, and holding a hearing. But these procedural improprieties were obviously harmless, especially against the backdrop of the court's adjudication of defendant's earlier section 1172.6 petition. In other words, we can confidently say on this record that appointing counsel and holding a hearing to highlight defendant's youth at the time of the crime—a point of which the trial court was already aware at least from having read and considered defendant's petition itself—would have made no difference.[5]

---

[5] Defendant filed a motion in this court requesting we appoint new counsel to represent him. The motion complains currently appointed counsel declined to raise certain "legal arguments—including critical errors regarding the application of collateral estoppel, the inconsistent findings made by the trial judge in separate but related [section] 1172.6 proceedings, and the fundamentally unfair practice of holding [defendant] ineligible for relief based on inconsistent judicial findings as between co-defendants." The motion presents no good cause to replace counsel and is denied. (*In re Horton* (1991) 54 Cal.3d 82,

8

*A. Section 1172.6 Procedure and Harmlessness*

Section 1172.6 authorizes resentencing a defendant convicted of murder who could not be convicted under current law because he or she was not the actual killer, did not aid and abet with intent to kill, and was not a major participant who acted with reckless indifference to human life. (*People v. Emanuel* (2025) 17 Cal.5th 867, 879-880.) "A [section 1172.6] petition that includes '[a] declaration by petitioner that the petitioner is eligible for relief . . . , based on all the requirements of subdivision (a),' the case number and year of the petitioner's conviction, and whether the petitioner seeks counsel is facially sufficient and entitles the petitioner to counsel. (§ 1172.6, subd. (b); see *People v. Lewis* (2021) 11 Cal.5th 952, 957[ ].) A facially sufficient petition also triggers the People's duty to submit a response and the petitioner's right to submit a reply on the question of whether a prima facie case for relief exists. (§ 1172.6, subd. (c).) 'After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.' (*Ibid.*) If the 'petitioner makes a prima facie showing,' then the trial court issues an order to show cause and holds 'a hearing to determine whether to vacate the . . . conviction and to recall the sentence and resentence the petitioner.' (*Id.*, subds. (c), (d).) At this hearing, evidence may be presented and 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that

_____

95 ["In the criminal context, too, counsel is captain of the ship"]; see also *Davila v. Davis* (2017) 582 U.S. 521, 533 ["Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed"].)

the petitioner is guilty of murder or attempted murder under' current law. [Citations]"[6] (*People v. Patton* (2025) 17 Cal.5th 549, 558-559.)

Noncompliance with these procedural requirements, including the failure to appoint counsel, is subject to review for harmlessness. (*Lewis, supra,* 11 Cal.5th at 972-973.) The *People v. Watson* (1956) 46 Cal.2d 818 standard applies, meaning a defendant asserting procedural section 1172.6 error must demonstrate a reasonable probability that in the absence of the error he or she would have obtained a more favorable result. (*Lewis, supra,* at 974-975.)

### B.     The Trial Court Considered Defendant's Relative Youth and Any Procedural Error Was Harmless

As we have already discussed, the trial court denied defendant's earlier petition following an evidentiary hearing in February 2022 based on its finding that he was a major participant in the attempted robbery who acted with reckless indifference to human life. Our Supreme Court set forth non-exhaustive lists of factors relevant to these standards in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. (*People v. Strong* (2022) 13 Cal.5th 698, 705-707.) In recent years, some courts have held that a defendant's youth is an additional factor relevant to determining whether a defendant was a major participant who acted with reckless indifference to

---

[6]     Section 1172.6 does not expressly prohibit defendants from filing multiple petitions for resentencing, but subsequent petitions may be barred by the doctrine of issue preclusion. (See, e.g., *People v. Curiel* (2023) 15 Cal.5th 433, 451-452.)

10

human life.  (*Emanuel, supra,* 17 Cal.5th at 885, fn. 6 ["Courts of appeal have recognized that 'a defendant's youth is a relevant factor in determining whether the defendant acted with reckless indifference to human life.' (*In re Moore* (2021) 68 Cal.App.5th 434, 454[ ]; *People v. Ramirez* (2021) 71 Cal.App.5th 970, 990-991[ ]; see also *Miller v. Alabama* (2012) 567 U.S. 460, 477 [ ] [identifying, among the 'hallmark features' of youth, the 'failure to appreciate risks and consequences']"].)  These cases cited in *Emanuel* were on the books well before the February 2022 evidentiary hearing on defendant's prior section 1172.6 petition. Other cases defendant cites, which can be read to suggest courts are required to expressly consider a defendant's relative youth in adjudicating the existence of reckless indifference to human life, were decided before the trial court denied defendant's most recent March 2024 section 1172.6 petition.  (*People v. Pittman* (2023) 96 Cal.App.5th 400, 416-417; *Jones, supra,* 86 Cal.App.5th at 1088, fn. 7; see also *People v. Oliver* (2023) 90 Cal.App.5th 466, 488.)

Defendant's most recent section 1172.6 petition cited *Jones, supra,* 86 Cal.App.5th 1076 and *Pittman, supra,* 96 Cal.App.5th 400 and argued his "age and maturity level **must** be addressed at a [section] 1172.6 resentencing hearing, which were not [addressed] at [defendant's] February 18, 2022[,] hearing."  The record indisputably demonstrates the court read and considered this most recent petition and, necessarily, its argument that defendant's relative youth supported granting section 1172.6 relief.  That, of course, means the court concluded section 1172.6 relief should still be denied even after taking into account defendant's relative youth.

Defendant, however, complains that this summary denial after considering his relative youth came without all the procedural trappings required by section 1172.6. That is true. But there is no reasonable probability defendant would have achieved a more favorable result had the court appointed counsel and received additional briefing. The court was quite familiar with the circumstances of the crime, having adjudicated defendant's earlier section 1172.6 petition and reviewed the voluminous trial transcript, and there was little if anything to add about defendant's relative youth and the state of the law that defendant's petition had not already identified.[7] The procedural error was accordingly harmless.

DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.                    MOOR, J.

---

[7]     The same judge ruled on both of defendant's section 1172.6 petitions.

12